**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000113**
**30-APR-2025**
**09:09 AM**
**Dkt. 104 SO**

NOS. CAAP-24-0000113 and CAAP-24-0000114

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**NO. CAAP-24-0000113**
SIERRA CLUB, Appellant-Appellee,
v.
BOARD OF LAND AND NATURAL RESOURCES, Appellee-Appellee,
and
ALEXANDER & BALDWIN, INC., and EAST MAUI IRRIGATION
COMPANY, LLC, Appellees-Appellants,
and
COUNTY OF MAUI, Appellee-Appellee

and

**NO. CAAP-24-0000114**
SIERRA CLUB, Appellant-Appellee,
v.
BOARD OF LAND AND NATURAL RESOURCES, Appellee-Appellant,
and
ALEXANDER & BALDWIN, INC., and EAST MAUI IRRIGATION
COMPANY, LLC, COUNTY OF MAUI, Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001506)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, and Hiraoka, J., with Nakasone,
J., concurring in part and dissenting in part)

Alexander & Baldwin, Inc. (**A&B**), East Maui Irrigation
Company, LLC (**EMI**), and the Hawaiʻi Board of Land and Natural
Resources (**BLNR**) appeal from the January 29, 2024 **Final Judgment**
for **Sierra Club** entered by the Environmental Court of the First

Circuit.[1]  They challenge the Environmental Court's July 14, 2023 **"Decision on Appeal** and Order," and A&B and EMI challenge the January 4, 2024 "Order Granting Sierra Club's Motion For Attorney's Fees from Alexander & Baldwin, Inc. and East Maui Irrigation Company, LLC, Filed October 10, 2023" (**Fee Order**).  We reverse.

These appeals arise from one of several cases filed by Sierra Club challenging BLNR's decisions to continue revocable one-year **Permits** allowing A&B and EMI to divert water from East Maui streams.  We summarized the background in Sierra Club v. Bd. of Land & Nat. Res., 154 Hawaiʻi 264, 550 P.3d 230 (App. 2024) (**Sierra Club I**), cert. granted, No. SCWC-22-0000516, 2024 WL 3378462 (Haw. July 11, 2024).  This appeal arises from the 2023 Permits.  BLNR considered A&B's and EMI's applications to continue the Permits for 2023 during a public meeting on November 10, 2022.  Sierra Club's representatives testified and requested a contested case hearing.  BLNR denied the request and approved the applications.

Sierra Club filed a **Petition** for a contested case hearing on November 21, 2022.  The Petition incorporated the record of the contested case hearing on continuation of the Permits for 2021 and 2022.  BLNR considered the Petition on December 9, 2022.  DLNR's staff submittal noted that Sierra Club participated in the 2020 Trial for the 2019 and 2020 Permits "just a few months prior to the [BLNR]'s November 13, 2020 decision" on the 2021 Permits; Sierra Club participated in "a contested case hearing" on the 2021 and 2022 Permits; and Sierra Club testified on "the same issues raised in their present request" at BLNR's November 10, 2022 public meeting.  BLNR denied the Petition.

Sierra Club appealed to the Environmental Court.  The Environmental Court entered the Decision on Appeal, the Fee Order, and the Final Judgment.  These appeals followed.

---

[1]     The Honorable Jeffrey P. Crabtree presided.

Our review of the Decision on Appeal is a secondary appeal; we must determine whether the Decision on Appeal was right or wrong by applying the standards of HRS § 91-14(g) to BLNR's decisions. <u>Flores v. Bd. of Land & Nat. Res.</u>, 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018). Under HRS § 91-14(g) (2012 & Supp. 2023) we may affirm the decision of the agency, remand the case with instructions for further proceedings, or reverse or modify the decision and order if the substantial rights of the appellant may have been prejudiced because the administrative findings, conclusions, decisions, or orders (1) violate provisions of the constitution or a statute, (2) are beyond the agency's statutory authority or jurisdiction, (3) used unlawful procedure, (4) were affected by other error of law, (5) were clearly erroneous, or (6) were arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Our review is confined to the record before BLNR. HRS § 91-14(f).

**(1)** A&B, EMI, and BLNR contend the Environmental Court erred by concluding Sierra Club was entitled to a contested case hearing.

**(a)** BLNR argues Sierra Club lacked standing to petition for a contested case. "[W]hile the basis for standing has expanded in cases implicating environmental concerns . . . plaintiffs must still satisfy the injury-in-fact test." <u>Sierra Club v. Haw. Tourism Auth.</u>, 100 Hawaiʻi 242, 251, 59 P.3d 877, 886 (2002). Under the injury-in-fact test, Sierra Club had to show (1) it suffered an actual or threatened injury because of BLNR's conduct; (2) the injury is fairly traceable to BLNR's actions; and (3) a favorable decision would likely provide relief for the injury. <u>Id.</u> at 250, 59 P.3d at 885. The Petition stated that Sierra Club's members live along the streams being diverted and use the streams and the water residentially, agriculturally, recreationally, culturally, and spiritually; A&B and EMI's diversion of water harms their use of the streams and water, and BLNR's denial of the applications would likely provide them

3

relief.  Sierra Club established standing to petition for a contested case.

(b)  A&B, EMI, and BLNR argue that constitutional due process did not require a contested case hearing.  In <u>Sierra Club I</u> we held that Hawaii Revised Statutes (**HRS**) § 171-55 and the Hawai'i Environmental Policy Act, HRS Chapter 343, are laws that defined Sierra Club's constitutionally protected interest in a clean and healthful environment in the matter pending before BLNR.  154 Hawai'i at 280, 550 P.3d at 246.  Here, as in <u>Sierra Club I</u>, we must balance the risk that Sierra Club could be erroneously deprived of its protected interest, and the probable value of any additional or alternative procedural safeguards, against the governmental interest, including the burden that additional procedural safeguards would entail.  <u>Id.</u> at 277, 550 P.3d at 243 (citing <u>Flores</u>, 143 Hawai'i at 126-27, 424 P.3d at 481-82).

A&B, EMI, and BLNR argue that Sierra Club participated in the trial on the 2019 and 2020 Permits and the contested case hearing on the 2021 and 2022 Permits, and presented testimony and evidence at BLNR's public meeting on the 2023 Permits and the hearing on the Petition — all of which involved issues identical to those Sierra Club sought to re-litigate.  Sierra Club argues that a contested case hearing on the 2023 Permits would be "for a different year"; there was "new evidence"; it should have an opportunity to cross-examine witnesses about the "new evidence"; and a hearing "would allow BLNR to fulfill [its] duties" under the Hawai'i Constitution.  BLNR contends that despite Sierra Club's claim to have new evidence, it has "consistently failed to actually provide any such evidence, instead citing exclusively and extensively to evidence presented to [BLNR] in the previously-litigated matters."

In <u>Flores</u>, the supreme court held that Flores was not entitled to a contested case hearing on the Mauna Kea telescope sublease because he had participated in an earlier contested case hearing on the conservation district use permit application.  143

Hawaiʻi at 127-28, 424 P.3d at 482-83. The court noted, "Flores d[id] not clarify the extent to which, if BLNR held a contested case hearing . . . he would put forth evidence and arguments materially different from that which he already proffered at the [previous] contested case hearing."). Id. at 127, 424 P.3d at 482. The court held that "[t]o require BLNR to hold another contested case hearing in such circumstances would require BLNR to shoulder duplicative administrative burdens and comply with additional procedural requirements that would offer no further protective value." Id.

In Sierra Club I, we held that Sierra Club's participation in the 2020 trial over the 2019 and 2020 Permits that occurred "just two months" before the November 2020 meeting on the 2021 Permits, and the short duration of the Permits, "provided reasonable protection from the risk of an erroneous deprivation of Sierra Club's constitutionally protected interest." 154 Hawaiʻi at 280, 550 P.3d at 246. We also noted that Sierra Club included no new information it had obtained in the two months after the 2020 trial in its written and oral submissions to BLNR for the November 2020 meeting. Id. at 281, 550 P.3d at 247.

Here, in addition to the 2020 trial and BLNR's 2020 public meeting discussed in Sierra Club I, Sierra Club has participated in a contested case hearing on the 2021 and 2022 Permits, and presented evidence and testimony at BLNR's 2022 public meeting and 2022 hearing on the Petition. BLNR's June 30, 2022 contested case order on the 2021 and 2022 Permits was issued just four months before its public meeting on the 2023 Permits and its hearing on Sierra Club's Petition. BLNR considered the same issues about water usage and loss, alternative resources such as groundwater, mitigation measures such as placing liners in reservoirs, and a pending CWRM decision, Sierra Club raises here.

As in Sierra Club I, Sierra Club did not include the "new data and facts" that "should have been included in its

5

written and oral submissions to BLNR." 154 Hawai'i at 281, 550 P.3d at 247. Rather, Sierra Club "incorporate[d]" previous testimony and "the entire record" of the 2021-2022 contested case hearing, noted there were "new" report(s), but did not indicate how the new evidence was "materially different from that which [it] already proffered" in the previous proceedings. See Flores, 143 Hawai'i at 127, 424 P.3d at 482. On this record, we conclude that Sierra Club was afforded multiple full and fair opportunities to participate, which "provided reasonable protection from the risk of an erroneous deprivation of Sierra Club's constitutionally protected interest." See Sierra Club I, 154 Hawai'i at 280, 550 P.3d at 246.

We discussed the governmental interests and burdens that a contested case proceeding would entail in Sierra Club I, 154 Hawai'i at 281-83, 550 P.3d at 247-49. We again conclude that the minimal additional protection a contested case would have provided to Sierra Club under the circumstances of this case are outweighed by the fiscal and administrative burdens a contested case would impose on BLNR, the County of Maui, and potentially on those living or working in Upcountry Maui. Id. We hold that Sierra Club was not denied constitutional due process by BLNR's denial of its Petition for a contested case hearing on the 2023 Permits.

**(2)** A&B, EMI, and BLNR contend the Environmental Court erred by modifying the 2023 Permits. The Environmental Court did not have jurisdiction over Sierra Club's appeal from BLNR's decision to continue the Permits for 2023 because it was not made in a contested case, and did not need to be made in a contested case. Sierra Club I, 154 Hawai'i at 283, 550 P.3d at 249. Even if the Environmental Court had jurisdiction under HRS § 91-14 or, as the dissent in Sierra Club I concluded, Sierra Club had been entitled to a contested case hearing, the procedure the Environmental Court used to modify the 2023 Permits exceeded its statutory authority. Id. The Environmental Court acted outside

of its jurisdiction and authority when it modified the 2023 Permits.

**(3)** A&B and EMI contend the Environmental Court erred by awarding Sierra Club its attorney's fees. Sierra Club vindicated no important public policy. It was not entitled to an award of attorneys fees or costs under the private attorney general doctrine. Sierra Club I, 154 Hawai'i at 285, 550 P.3d at 251; cf. Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawai'i 417, 420, 493 P.3d 939, 942 (2021) ("an award of attorneys' fees is inappropriate where the underlying judgment is vacated").

For these reasons, we reverse the Environmental Court's July 14, 2023 Decision on Appeal; January 4, 2024 Fee Order; January 29, 2024 Final Judgment; and the additional orders challenged by A&B and EMI. Sierra Club's March 12, 2025 Motion for Retention of Oral Argument is denied.

DATED: Honolulu, Hawai'i, April 30, 2025.

On the briefs:

Trisha H.S.T. Akagi,
Christopher T. Goodin,
for Alexander & Baldwin,
Inc. and East Maui Irrigation
Company, LLC.

Julie H. China,
Melissa D. Goldman,
Danica L. Swenson,
Deputy Attorneys General,
State of Hawai'i,
for Board of Land and
Natural Resources.

David Kimo Frankel,
for Appellant-Appellee
Sierra Club.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

**CONCURRING IN PART AND DISSENTING IN PART BY NAKASONE, J.**

I agree with the Summary Disposition Order (**SDO**) under the circumstances of this case, and write separately only to express my dissent to the subsection (2) paragraph that holds the Environmental Court lacked jurisdiction to modify the Permits. See Sierra Club I, 154 Hawaiʻi at 288, 550 P.3d at 254 (Nakasone, J., dissenting) (holding the Environmental Court correctly concluded "it had jurisdiction 'to reverse or modify' BLNR's decision, where the denial of a contested case hearing had prejudiced Sierra Club's substantial rights" (citations omitted)).  Here, the record reflects the Environmental Court modified the Permits to avoid "chaos or unintended consequences" pending the BLNR conducting the contested case hearing that the Court held "was constitutionally required."  Because the SDO concludes that a contested case hearing was not constitutionally required, I would hold the Environmental Court's modification of the Permits was error for this reason.

DATED: Honolulu, Hawaiʻi, April 30, 2025.

/s/ Karen T. Nakasone
Associate Judge